IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

CRITIQUE SERVICES, LLC (15-1857)

JAMES ROBINSON &
ELBERT A WALTON JR (15-1988)

APPELLANTS

  V.

LATOYA STEWARD (15-1857 & 15-1988)

APPELLEE

On Appeal from The United States District Court for
The Eastern District of Missouri, Eastern Division

Hon. Rodney W. Sippel, Presiding.
District Court Case Number 4-14-CV-1094 RWS

## BRIEF OF APPELLEE

*Submitted by:*
/s/Gary D. Bollinger, Esq. #27769MO
3827 Gustine Avenue
Saint Louis, MO 63116
(314) 781-2889
attyinfo@bankruptcycenter.com

Attorney for Appellee

# Table of Contents

Table of Contents..................................................................................i

Table of Authorities.........................................................................vi

Jurisdictional Statement....................................................................1

Issues for Review...............................................................................2

Appellee Statement of the Case & Waiver of Oral Argument ...........7

Summary of The Argument ................................................................8

    I.   Debtor Steward had standing to bring a Motion to Disgorge Fees; upon the bankruptcy trustee abandoning the Bankruptcy Estate's interest in all Claims and property of the Debtor. ......................................................8

    II.  Judge Rendlen did not commit reversible error by refusing to recuse himself. ...............................................................................................8

    III. The Bankruptcy Court did not err by failing to dismiss Steward's Motion to Disgorge when a third party tendered a portion of her paid legal fees. Furthermore, the issue is untimely, being first raised on Appeal. ................................................................................................9

    IV. The Bankruptcy Court did not err in ordering Critique Services, LLC to answer Steward's discovery and imposing sanctions for its failure to comply. Furthermore, the issue is untimely, being first raised on Appeal. 9

i

V.  Should the bankruptcy court have dismissed Critique Services, L.L.C. before any order was entered against it because of its claimed status as a non-party and an alleged failure of Debtor to serve it?  Further, are the numerous representations by Walton and Robinson in the bankruptcy court that Robinson was doing business as "Critique" (or variations therof) and that "Critique" was both his law firm and staff binding on Appellants? Finally, the issue is untimely, being first raised on Appeal. 10

VI.  The Bankruptcy Court did not commit reversible error by refusing to dismiss Steward's Motion to Disgorge on the basis of the "unclean hands" doctrine. ....................................................................... 11

VII. The Bankruptcy Court did not commit a reversible error in sanctioning Appellants after Appellants and Steward submitted a proposed settlement to the Bankruptcy Court for approval, because the court never approved the settlement.  Furthermore, the issue is untimely, being first raised on Appeal. .................................................................. 12

VIII.    The Bankruptcy Court did not commit reversible error by construing the Debtor's amended pleading, after disposition of the FMCC complaint, as a Motion to Disgorge from and returning it to the

ii

main bankruptcy case. Appellant's assertion on appeal of certain rights being denied, are cursory, unsupported and untimely. ..........................13

IX. The Bankruptcy Court did not commit a reversible error by imposing monetary and practice sanctions against Appellants. ...........................13

X. A bankruptcy court judge has the authority to unilaterally suspend an attorney from practice before the bankruptcy court..............................14

ARGUMENT ................................................................................................15

I. Steward has standing to bring a Motion to Disgorge Fees and the Bankruptcy Court had jurisdiction (Standard of Review: Clear Error & Conclusion of Law) ...............................................................................15

II. Judge Rendlen did not commit a reversible error by refusing to recuse himself. (Standard of Review: Clear Error & Conclusion of Law) .......20

III. The Bankruptcy Court did not err by failing to dismiss Steward's Motion to Disgorge when a third party tendered $199.00. (Standard of Review: Clear Error & Conclusion of Law)..........................................31

IV. The Bankruptcy Court did not err in ordering Critique to answer Steward's discovery. (Standard of Review: Clear Error & Conclusion of Law) .....................................................................................................33

Appellate Case: 15-1857   Page: 4   Date Filed: 09/24/2015 Entry ID: 4319735

V.   The Bankruptcy Court had personal jurisdiction over Critique and properly ordered it to produce discovery.  (Standard of Review: Clear Error & Conclusion of Law).................................................................36

VI.  The Bankruptcy Court did not commit a reversible error by refusing to dismiss Steward's Motion to Disgorge on the basis of the "unclean hands" doctrine. (Standard of Review: Clear Error & Conclusion of Law).....................................................................................................39

VII. The Bankruptcy Court did not commit a reversible error in sanctioning Appellants after Appellants and Steward had submitted a settlement to the Bankruptcy Court because the case was never settled. (Standard of Review: Clear Error & Conclusion of Law)...........................................41

VIII.    The Bankruptcy Court did not commit reversible error by denying Appellants' Motion to Dismiss on the basis that the Bankruptcy Court had no authority to remove Steward's Motion to Disgorge from the status of an adversary proceedings to that of a contested proceeding. (Standard of Review: Clear Error & Conclusion of Law).....................42

IX.  The Bankruptcy Court did not commit a reversible error by imposing monetary sanctions against Appellants.................................................44

iv

X.  A bankruptcy court judge has the authority to unilaterally suspend an attorney from practice before the bankruptcy court. (Standard of Review: Clear Error & Conclusion of Law) ............................................ 50

Conclusion ........................................................................................................ 53

Certificate of Service ...................................................................................... 53

Certificate of Compliance ............................................................................... 55

Appellate Case: 15-1857     Page: 6     Date Filed: 09/24/2015 Entry ID: 4319735

# Table of Authorities

**Cases**

Carlucci v. Piper Aircraft Corp., 775 F.2d 1440 (11th Cir. 1985).................... 46, 47

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) ................................................ 51

City of Kansas City, Mo. v. Yarco Co., 625 F.3d 1038, 1040 (8th Cir. 2010)....... 17

Edwards v. Hurtel, 724 F.2d 689, 690 (8th Cir. 1984) ........................................... 31

Freitas v. Wells Fargo Home Mortg., Inc.,

    703 F.3d 436, 438 n. 3 (8th Cir.2013) ................................................................ 26

Gray v. University of Ark., 883 F.2d 1394, 1398 (8th Cir.1989) ........................... 21

Gregory by Gregory v. Honeywell, Inc.,

    835 F.2d 181, 184 (8th Cir. 1987) ............................................................ passim

Harlan v. Lewis, 982 F.2d 1255, 1259 (8th Cir. 1993) .......................................... 51

In re Burnett, 450 B.R. at 132 (Bankr. E.D. Ark. 2011) ........................................ 51

In re Kansas Pub. Employees Retirement Sys.,

    85 F.3d 1353, 1359 (8th Cir. 1996) .................................................................... 21

In re Krisle, 54 B.R. 330, 347 (Bankr. D.S.D. 1985)............................................. 21

In Re Kujawa, 270 F.3d578 (8th Cir. 2001) .......................................................... 15

In re Pyatt, 486 F.3d 423, 427 (8th Cir. 2007)....................................................... 19

In re Ragar, 3 F.3d 1174 (8th Cir. 1993) ............................................................... 48

In re Ragar, 3 F.3d 1174, 1178 (8th Cir. 1993) ..................................................... 49

Appellate Case: 15-1857   Page: 7   Date Filed: 09/24/2015 Entry ID: 4319735

In re Smith, 212 F. App'x 577 (8th Cir. 2006).........................................48

In re Yehud-Monosson USA, Inc., 472 B.R. 868, 878 (D. Minn. 2012)...............22

In re Yehud-Monosson,

  *aff'd sub nom.* Isaacson v. Manty, 721 F.3d 533 (8th Cir. 2013).........................22

In re Young, 507 B.R. 286, 291–92

  (B.A.P. 8th Cir.2014) (*aff'd* 8th Cir. #14-1665, June 17, 2015)..........................49

In re Young, 507 B.R. at 292

  (*aff'd* 8th Cir. #14-1665, June 17, 2015; 11 U.S.C. § 105(a) ...............................51

Kay v. Vatterott, 657 S.W.2d 80, 83 (Mo. Ct. App. 1983).....................................40

Kreigel v. Noble 291. B.R. 159 (Bankr. W.D.Mo. 2003)........................................43

Law v. Siegel, 134 S. Ct. 1188, 1194, 188 L. Ed. 2d 146 (2014)...........................51

Liteky v. United States, 510 U.S. 540, 555-556 ......................................................2

Liteky v. United States,

  510 U.S. 540, 555-56, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994) ..........24

Los Angeles Cnty. v. Davis,

  440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979)................3, 32

Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375-376 (2007) ....................51

Nelson v. Emmert, 105 S.W.3d 563, 568 (Mo. Ct. App. 2003) ............................40

Plaintiffs' Baycol Steering Comm. v. Bayer Corp,

  419 F.3d 794, 802 (8th Cir. 2005) .......................................................................51

Appellate Case: 15-1857      Page: 8      Date Filed: 09/24/2015 Entry ID: 4319735

Pony Express Cmty. Bank v. Campbell,

   206 S.W.3d 399, 402 (Mo. Ct. App. 2006)......................................................4, 40

Rose v. Houser, 206 S.W.2d 571, 576-77 (Mo. Ct. App. 1947)........................4, 40

Rose v. Houser, 206 S.W.2d 571, 577 (Mo. Ct. App. 1947) ................................12

Rose, 206 S.W.2d at 577.......................................................................................41

U.S. v. Rubashkin, 655 F.3d 849, 858 (8th Cir. 2011) .........................................28

United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008) ............................22

United States v. Sypolt, 346 F.3d 838, 839 (8th Cir. 2003).................................21

United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996)...............................21

Walton v. LaBarge, 223 F.3d 859, 862 (8th Cir. 2000).........................................15

Walton v. Rendlen, 4:14CV00846 ERW, 2014 WL 4594198 (E.D. Mo. Sept. 12,

   2014)(J. Webber) ............................................................................................50

Walton vs. LaBarge, 223 F.3d 859, 864 (8th Cir. 2000) ...................................5, 44

White v. National Football League, 585 F.3d 1129, 1138 (8th Cir. 2009)............21

Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) ............................................4, 37

**Statutes**

11 U.S.C. § 105...................................................................................................55

11 U.S.C. § 105(a).......................................................................................5, 52, 56

11 U.S.C. § 144....................................................................................................20

11 U.S.C. § 455(a) ...................................................................................31, 32, 35, 37

viii

11 U.S.C. § 541(a)(1) ................................................................... 29

11 U.S.C. §105(a) ................................................................... 53, 58

11 U.S.C. §455(b) ................................................................... 21, 35

11 U.S.C.A. § 541(a)(1) ................................................................... 29

18 U.S.C. § 1622 ................................................................... 47

28 U.S.C. § 144 ................................................................... 31, 35, 36

28 U.S.C. § 455(a) ................................................................... 2, 20, 31

Fed.R.Bank.P. Rule 5009(a) ................................................................... 2

**Rules**

Bankruptcy Rule 9014(c) ................................................................... 50

Bankruptcy Rule 9020 ................................................................... 56

Bankruptcy Rules 7001 ................................................................... 49, 50

Bankruptcy Rules 9014 ................................................................... 49, 56

Bankruptcy Rules 9020 ................................................................... 56

E.D.Mo. L.R. 12.02 ................................................................... 59

E.D.Mo. R.D.E. IV-A ................................................................... 26, 57, 58

E.D.Mo. R.D.E. V ................................................................... 26, 59

E.D.Mo. RDE V ................................................................... 59

Fed. R. Bankr. P 9011(c)(1)(B) ................................................................... 56

Fed. R. Bankr. P. Rule 2017 ................................................................... 4

Appellate Case: 15-1857    Page: 10    Date Filed: 09/24/2015 Entry ID: 4319735

Fed. R. Bankr. P. Rule 7001 ................................................................. 4

Fed. R. Bankr. P. Rule 9014 ................................................................. 4

Fed. R. Civ. P. 37(b)(2)(A)(i) ............................................................. 54

Fed. R. Civ. P. 37(b)(2)(C) ................................................. 52, 53, 54

Fed.R. Civ.P. 37(a)(5)(A) and 37(b)(2)(C) .................................... 52

 RR.App.P. 28(a)(8)(A) ..................................................................... 35

Rule 37(b)(2)(A) ................................................................................ 53

Rule X ................................................................................................ 59

Appellate Case: 15-1857     Page: 11     Date Filed: 09/24/2015 Entry ID: 4319735

**Jurisdictional Statement**

Appellee has one point of disagreement with the jurisdictional statements
taken by Appellants: Appellee asserts that the Bankruptcy Court *did have*
jurisdiction over the underlying chapter 7 bankruptcy case, including the Motion to
Disgorge under 18 U.S.C. §§ 151 and 157 and 11 U.S.C. §§ 105 and 329.

Appellate Case: 15-1857    Page: 12    Date Filed: 09/24/2015 Entry ID: 4319735

**Issues for Review**

I. Did Debtor have standing to bring her disgorgement claim after the Chapter 7 Trustee twice abandoned the claim as unworthy of administration? Was the claim untimely raised or a jurisdictional matter that can be raised for the first time on appeal?

    •11 U.S.C. § 541(a)(1)

    •Fed.R.Bank.P. Rule 5009(a)

    • Gregory by Gregory v. Honeywell, Inc., 835 F.2d 181, 184 (8th Cir. 1987)

II. Should bankruptcy Judge Rendlen have recused himself because, before becoming a judge, as a United States Trustee he had been the nominal Plaintiff in adversarial proceedings several years ago against Critique Services, L.L.C. and during proceedings in the instant case expressed exasperation or impatience with Appellants?

    •28 U.S.C. § 455(a)

    •Liteky v. United States, 510 U.S. 540, 555-556 (1994)

III. Although the issue was first raised on appeal, did the bankruptcy court lose jurisdiction over the subject matter of disgorgement when Debtor received a payment of attorney's fees from a third party attorney in an amount less then her requested disgorgement?

2

• Gregory by Gregory v. Honeywell, Inc., 835 F.2d 181, 184 (8th Cir. 1987)

• Los Angeles Cnty. v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979).

IV. Although the issue was first raised on appeal, were sanctions proper against Critique Services, L.L.C. because of it claim that no discovery was directed toward it and that it was a separate, non-party entity?

• Gregory by Gregory v. Honeywell, Inc., 835 F.2d 181, 184 (8th Cir. 1987)

V. Although the issue was first raised on appeal, should the bankruptcy court have dismissed Critique Services, L.L.C. before any order was entered against it because of its claimed status as a non-party and an alleged failure of Debtor to serve it? Further, are the numerous representations by Walton and Robinson in the bankruptcy court that Robinson was doing business as "Critique,"—in various iterations of the name, including "Critique Services, LLC"—that "Critique" was both his law firm, a conjoined entity, alter ego and/or joint enterprise (with staffing) binding on Critique Services, LLC in light of the factual findings by the bankruptcy court, the record of pleadings and the admission of Appellant counsel on this appeal?

3

• Gregory by Gregory v. Honeywell, Inc., 835 F.2d 181, 184 (8th Cir. 1987)

•Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990)

VI.  The Debtor signed her original bankruptcy filings prepared by "Critique Services, LLC" under oath, subject to the penalty of perjury; the filings contained factually false representations; subsequently, she recanted. Should the bankruptcy court have dismissed the motion to disgorge because of her "unclean hands" or are there mitigating circumstances in the process whereunder she signed those documents that should make the doctrine non-applicable, including whether there were "unclean hands" of the Appellants?

• Nelson v. Emmert, 105 S.W.3d 563, 568 (Mo. Ct. App. 2003).

• Pony Express Cmty. Bank v. Campbell, 206 S.W.3d 399, 402 (Mo. Ct. App. 2006)

• Rose v. Houser, 206 S.W.2d 571, 576-77 (Mo. Ct. App. 1947)

VII. Although the issue was first raised on appeal, did the bankruptcy court lose its authority to sanction Appellants for discovery failures once the parties, as Appellants claim, proposed a settlement of their differences, although it was not approved by the judge and never became a part of the

4

record?

• Honeywell, Inc., 835 F.2d at 184

VIII. Did the bankruptcy court exceed its authority in changing the Debtor's amended complaint in the adversary complaint against Ford Motor Credit Co. (FMCC) into a motion to disgorge attorney's fees to be heard in Debtor's main Chapter 7 case?

Were certain litigation rights of the Appellants infringed or denied by this transfer and recharacterization of the amended pleading?

• Fed. R. Bankr. P. Rule 2017

• Fed. R. Bankr. P. Rule 7001

• Fed. R. Bankr. P. Rule 9014

• Honeywell, Inc., 835 F.2d at 184

IX. Were the sanctions and penalties entered by the bankruptcy court

A. For criminal contempt;

B. Without authority;

C. Done pursuant to motion, notice and hearing as required by bankruptcy rules and/or

D. Excessive?

• Walton vs. LaBarge, 223 F.3d 859, 864 (8th Cir. 2000)

•11 U.S.C. § 105(a)

5

- Fed. R. Civ. P. 37(b)(2)(C)

- Fed. R. Civ. P. 37(b)(2)(C)

X.  Under local rule of court, does a single bankruptcy judge have the authority to suspend an attorney from practice before that court?

- Walton v. LaBarge, 223 F.3d 859, 862 (8th Cir. 2000)

- In Re Kujawa, 270 F.3d578 (8th Cir. 2001)

- E.D.Mo. R.D.E. IV-A

6

## Appellee Statement of the Case & Waiver of Oral Argument

Steward ("Debtor") received a discharge in a chapter 7 bankruptcy on November 26, 2011. Her attorney of record was James Robinson, who has an affiliation with Appellant Critique Services L.L.C. and represented to the bankruptcy court that he did business as / practiced law as "Critique." (Preparatory work was done by persons whose relation to Robinson, "Critique" or to "Critique Services LLC" was never clarified by the thwarted discovery efforts of Debtor).

This appeal arises from the post-discharge, *pro se* effort of Debtor, by a Complaint against Ford Motor Credit, to rescind her reaffirmation agreement for payment on a vehicle. (Debtor had sought — by unheeded requests— to rescind the agreement in a timely fashion during the bankruptcy case). The court dismissed the motion, but gave Debtor leave to amend and liberally construed the amended filing as one for disgorgement of fees, re-docketing it in the main bankruptcy case.

On June 26, 2013, Steward, by new counsel, served interrogatories and request for production. However, Appellants, by actions including a blithering barrage of motions, complaints and unprofessional conduct, refused to meet their discovery obligations, despite being ordered to do so and feigning intent to comply. As the recalcitrance of appellant's continued, the bankruptcy court entered escalating orders of monetary and practice sanctions that are the subject of this Appeal.

Oral argument is not required: the briefs are adequate to inform the court.

7

## Summary of The Argument

**I. Debtor Steward had standing to bring a Motion to Disgorge Fees; upon the bankruptcy trustee abandoning the Bankruptcy Estate's interest in all Claims and property of the Debtor.**

Steward suffered actionable injuries both before and after the commencement of her bankruptcy case. Causes of action, arising *after* her case was commenced, are hers and never belonged to the bankruptcy estate, regardless of subsequent amendments to her bankruptcy petition and schedules.

Steward's pre-commencement causes of action were hers to prosecute when the Bankruptcy Trustee's abandoned these claims, not once, but twice under Fed.R.Bank.P. Rule 5009(a).

**II. Judge Rendlen did not commit reversible error by refusing to recuse himself.**

Pursuant to 28 U.S.C. § 455(a) Judge Rendlen was not required to recuse himself solely because of his prior government service as a United States Trustee and being a nominal plaintiff against Critique —in whatever version of its name.

Judge Rendlen was not required to recuse himself under 28 U.S.C. § 144 because that section does not apply to bankruptcy court judges.

Appellants multiple motions for recusal were based on unsubstantiated, false and/or misleading facts; Appellants untimely filed their Motion to Recuse; and Appellants have abandoned their appeal for recusal under 28 U.S.C. §455(b).

8

### III. The Bankruptcy Court did not err by failing to dismiss Steward's Motion to Disgorge when a third party tendered a portion of her paid legal fees. Furthermore, the issue is untimely, being first raised on Appeal.

In the District court appeal, Appellants raised—for the first time—the issue of mootness by a third party attorney's tender of payment of $199 in "legal fees" to Debtor's counsel.

This issue is not a basis for reversal on appeal, as the issue was not raised below. Gregory by Gregory v. Honeywell, Inc., 835 F.2d 181, 184 (8th Cir. 1987).

Furthermore, the payment of this sum of $199.[oo], from a third party attorney (who was not a defendant in this action or an attorney of record), was never established at trial to be a payment against the $495.00 Steward claimed in her Motion to Disgorge and, even if applied, this sum neither paid the amount requested ($495.00) nor any of the other damages she requested.

### IV. The Bankruptcy Court did not err in ordering Critique Services, LLC to answer Steward's discovery and imposing sanctions for its failure to comply. Furthermore, the issue is untimely, being first raised on Appeal.

In the District court appeal, Appellants raised—for the first time—the assertion that Critique Services, LLC and Robinson are two separate legal entities and therefore if was error by the bankruptcy judge to order Critique Services, LLC to comply with discovery.

9

This issue is not a basis for reversal on appeal, as the issue was not raised below. Gregory by Gregory v. Honeywell, Inc., 835 F.2d 181, 184 (8th Cir. 1987).

Furthermore, there is overwhelming support in the bankruptcy court record that Walton represented Critique Services LLC and Robinson as the same entity, both before and after the Bankruptcy Court ordered Critique Services LLC and Robinson to comply with discovery.

In brief, there is no error in law or in evidentiary fact for the judge's issuance of an order for Critique Services LLC to comply with discovery.

**V. Should the bankruptcy court have dismissed Critique Services, L.L.C. before any order was entered against it because of its claimed status as a non-party and an alleged failure of Debtor to serve it?**
**Further, are the numerous representations by Walton and Robinson in the bankruptcy court that Robinson was doing business as "Critique" (or variations therof) and that "Critique" was both his law firm and staff binding on Appellants?**
**Finally, the issue is untimely, being first raised on Appeal.**

In the District court appeal, Appellants raised—for the first time—the assertion that Critique and Robinson are two separate legal entities. There is no dispute that the Bankruptcy Court had personal jurisdiction over Robinson, but Appellant Critique Services, LLC asserts that it was not served with Steward's Motion to Disgorge and that the Bankruptcy Court therefore had no jurisdiction over it.

Appellate Case: 15-1857     Page: 21     Date Filed: 09/24/2015 Entry ID: 4319735

This issue is not a basis for reversal on appeal, as the issue was not raised below. Honeywell, Inc., 835 F.2d at 184

Furthermore, there is overwhelming support in the evidentiary record below that Walton and Robinson represented Critique Services, LLC to be a conjoined/same entity, both before and after the Bankruptcy Court ordered Critique Services, LLC and Robinson to comply with discovery; hence, the Court had jurisdiction over both and there is no reversible error in law or fact.

## VI. The Bankruptcy Court did not commit reversible error by refusing to dismiss Steward's Motion to Disgorge on the basis of the "unclean hands" doctrine.

The doctrine of unclean hands is not based on absolutes, but requires consideration of all facts and circumstances of the particular case so its application promotes justice. Nelson v. Emmert, 105 S.W.3d 563, 568 (Mo. Ct. App. 2003).

The unclean hands doctrine does not bar Steward from asserting her claims against Appellants, as this doctrine requires the party invoking it to have been harmed by the alleged unclean acts. Steward didn't harm the Appellants with respect to her false statements to the Bankruptcy Court. Rather, this doctrine applies to the Appellants, since they harmed Steward by advising her to submit false and misleading statements to the Bankruptcy Court.

Further, the issue of unclean hands was not ripe, as discovery had been halted by Appellants and no trial on the merits ever took place. The Bankruptcy Court

11

committed no reversible error by refusing to dismiss Steward's Motion to Disgorge or her discovery requests based on this doctrine.

Finally, "the pot cannot call the kettle black;" that is, a party who also has unclean hands cannot assert the doctrine. Rose v. Houser, 206 S.W.2d 571, 577 (Mo. Ct. App. 1947). Robinson and "Critique" both induced Debtor to make false representations regarding her address and dependent status: They should not be rewarded for role their unclean hands played in inducing the Debtor's signature.

**VII. The Bankruptcy Court did not commit a reversible error in sanctioning Appellants after Appellants and Steward submitted a proposed settlement to the Bankruptcy Court for approval, because the court never approved the settlement.**
**Furthermore, the issue is untimely, being first raised on Appeal.**

Appellants raised for the first time on appeal that Steward's motion was "settled" and the Bankruptcy Court lost the authority to enter sanctions on the Appellants' non-compliance with discovery.

This issue is not a basis for reversal on appeal, as the issue was not raised below. Honeywell, Inc., 835 F.2d at 184.

Further, the underlying Motion to Disgorge was never settled because the settlement agreement was contingent upon the Bankruptcy Court's approval. The Bankruptcy Court never approved any proposed settlement; hence, Appellants'

12

position is not factually supported and cannot be a basis for finding reversible error.

**VIII. The Bankruptcy Court did not commit reversible error by construing the Debtor's amended pleading, after disposition of the FMCC complaint, as a Motion to Disgorge from and returning it to the main bankruptcy case. Appellant's assertion on appeal of certain rights being denied, are cursory, unsupported and untimely.**

The bankruptcy court had authority under Fed. R. Bankr. P. Rule 2017 and Rule 7001 (1) to construe the amended pleading of the Debtor (after denying the adversary proceeding against FMCC— (App.1276-1292)) as a motion to disgorge fees paid to Appellant Robinson in contemplation of bankruptcy and to return said motion to the main bankruptcy case. (App. 126-7).

Appellants cite no authority for their assertion on Appeal that the Bankruptcy Court's re-docketing of Steward's Amended pleading as a Motion to Disgorge to a in the main Bankruptcy case jurisdiction or affected a right to trial by jury or any other alleged rights, asserted on Appeal. Honeywell, Inc., 835 F.2d at 184

**IX. The Bankruptcy Court did not commit a reversible error by imposing monetary and practice sanctions against Appellants.**

The Bankruptcy Court did not enter criminal sanctions against the Appellants: these sanctions were civil in nature, being compensatory of the time spent by

13

Steward's counsel, by the Court, and in remuneration of Steward's attorney's fees. Appellants falsely state that all of these sanctions are payable to the Court.

Critique Services, LLC was properly included as a sanctionee.

Further, the Bankruptcy Court gave Appellants at least a dozen notices and opportunities to be heard to avoid or mitigate sanctions.

The court correctly assessed the culpability of the sanctionees and the amounts of monetary and practice sanctions imposed..

### X. A bankruptcy court judge has the authority to unilaterally suspend an attorney from practice before the bankruptcy court.

Judge Rendlen properly suspended Appellants Robinson and Walton under the authority of E.D.Mo. R.D.E. IV-A. Appellants misinterpret the "three-judge panel," rule of E.D.Mo. R.D.E. V, that is a permissive procedure, but not a required one.

14

## ARGUMENT

Appellants' arguments on appeal are not grounds to reverse the decisions of the Bankruptcy Court or the District Court deciding as a court of first appeal. [1]

I. **Steward has standing to bring a Motion to Disgorge Fees and the Bankruptcy Court had jurisdiction**
   **(Standard of Review: Clear Error & Conclusion of Law)**

**A. Standard of Review.**[2] An appellate court reviews the bankruptcy court's factual findings under a clear error standard, and reviews conclusions of law de novo. Walton v. LaBarge, 223 F.3d 859, 862 (8th Cir. 2000). A bankruptcy court's decision to impose sanctions is reviewed for abuse of discretion. In Re Kujawa, 270 F.3d 578 (8th Cir. 2001). On the standing issue, the reviewing court should determine the lower court's legal conclusions de novo and the factual findings under the clear error standard.

_____

[1] The standards for review of a second level court of appeal appear substantively unchanged from Appellee's research, although "independent review" was used in an unpublished case from the 8th circuit.

[2] Hereafter, Appellee will incorporate this paragraph by reference with the notation of either "Clear Error" for facts or "Conclusion of Law" for de novo review.

15

**B. Docketing:** Appellants have questioned the legality and sufficiency of Steward's right to seek redress by her amended pleading (following the dismissal of the complaint against FMCC). The court found that the facts supported the characterization of the remedy requested as one for disgorgement of fees. An action for disgorgement is not an adversary proceeding, Fed. R. Bankr. P. Rule 7001[3] but a motion under Fed. R. Bankr. P. Rule 2017[4] Once the factual

---

[3] Rule 7001. Scope of Rules of Part VII

"An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding …under… Rule 2017…."

[4] Rule 2017. Examination of Debtor's Transactions with Debtor's Attorney

(a) Payment or Transfer to Attorney Before Order for Relief.

"On motion … or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by … the debtor …, to an attorney for services rendered or to be rendered is excessive."

16

determination was made, the reassignment to the main bankruptcy was a legal conclusion, but properly applied by the bankruptcy judge.

**C. Standing**: Because Robinson was Debtor's attorney of record, and Critique Services, LLC collected money, prepared the bankruptcy forms, independently (or was it by agency?) inquired about key information (address and dependents) that ultimately appeared in the erroneous filings, prepared for signing with the tabs placed by Critique Services, LLC.; Steward has standing to complain about the injuries caused to her by the "joint enterprise" of Robinson and Critique Services, LLC.

"The constitutional minimum of standing requires an 'injury in fact,' 'a causal connection between the injury and the conduct complained of' and a likelihood 'the will be redressed by a favorable decision.' (Citations omitted.) " City of Kansas City, Mo. v. Yarco Co., 625 F.3d 1038, 1040 (8th Cir. 2010)

The Bankruptcy Court held that the injuries of which Steward complains occurred both before and after her bankruptcy was commenced on June 17, 2011. (App. 855-857, Doc. 201). See also Steward's Motion for Disgorgement (App. 126, Doc. 29), which specified that she was asking for disgorgement of fees along with other damages. She has met the constitutional minimum for standing set forth above. Regarding the other damages sought, Appellee asserts that once the right to proceed by motion for disgorgement in the main case was established that she

17

could rely on Fed.R.Bank.P. Rule 9014, to pursue those matters in the main case by motion practice, thereby retaining the court's jurisdiction.[5]

**D. Jurisdiction/Untimely Issue:** The Appellants did not raise the issue of Steward's standing to pursue her claims, nor did they produce any evidence before the Bankruptcy Court, and therefore it is reviewed the first time on appeal. Appellants appear to claim is a jurisdictional issue that can be raised at any time; Appellee disagrees and asserts this is simply a matter of the proper docketing of the complaint that lay within the jurisdiction of the bankruptcy court and is not subject to being raised as a jurisdictional matter in this court for the first time. As such, the untimely raising of this issue is barred by <u>Gregory by Gregory v. Honeywell, Inc.</u>, 835 F.2d 181, 184 (8th Cir. 1987) and both the District Court and Bankruptcy Court applied the law correctly.

**E. Property of Bankruptcy Estate:** 11 U.S.C. § 541(a)(1) states that the debtor's bankruptcy estate is comprised of "**<u>all legal or equitable interests of the debtor in property as of the commencement of the case.</u>**"(Emphasis added.) See

_____

[5] Rule 9014. Contested Matters

(a) **Motion**. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought….

18

In re Pyatt, 486 F.3d 423, 427 (8th Cir. 2007)("Property of the estate is defined by 11 U.S.C. § 541(a)(1) as 'all legal and equitable interests of the debtor in property as of the commencement of the case.'")

The Chapter 7 Trustee presumptively had standing to pursue some or all of Steward's pre-commencement claims. At the time Steward filed her Motion to Disgorge, the Chapter 7 Trustee had abandoned any interest in Steward's bankruptcy estate, first on July 26, 2011, and again on July 26, 2013. (App. 3 and 9.) Since these claims had been abandoned, Steward had standing to represent herself.

The Chapter 7 Trustee did not reconsider her abandonment of the claim until January 16, 2014 (App. 16), well after Steward's Motion to Disgorge was filed and the discovery issues and orders dealt with herein were fully developed.[6] As this case developed and appeared headed toward settlement, both the Chapter 7 Trustee and Steward had standing to bring claims against Robinson and Critique, as those claims constituted both pre- and post-commencement causes of actions.

---

[6] Steward notes that she consistently kept the chapter 7 trustee apprised of the actions in her Motion to Disgorge and the trustee has not objected to Steward's own representation of her pre-commencement causes of action.

19

The Bankruptcy Court's denial of the Motion to Compromise Controversy was not a determination that these causes of action were only actionable by the Chapter 7 Trustee. The denial was without prejudice to re-filing the request, provided the request be filed by or joined by the Chapter 7 Trustee, along with other requirements. (App. 883, Doc. 201) It is reasonable to assume that before the bankruptcy court would allow settlement of the matter, that both parties with standing (the Chapter 7 Trustee and Steward) would sign off on the settlement.

Steward had standing to bring her post-commencement actions and since the pre-commencement actions had been abandoned, she had standing to bring those as well. The Bankruptcy Court did not commit a reversible error by failing to *sua sponte* determine that Steward did not have standing.

## II. Judge Rendlen did not commit a reversible error by refusing to recuse himself. (Standard of Review: Clear Error & Conclusion of Law)

Appellants argue that Judge Rendlen committed an abuse of discretion by failing to disqualify himself pursuant to 28 U.S.C. § 455(a).[7] Their arguments are unsupported by the law and the facts.

---

[7] The title of Appellants' argument only refers to 28 U.S.C. § 455(a) but Appellants mention to 28 U.S.C. § 144 later in their argument.

20

A) Judge Rendlen did not err by refusing to recuse himself pursuant to 28 U.S.C. § 455(a).

The standard under 28 U.S.C. § 455(a) is that "disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." Gray v. University of Ark., 883 F.2d 1394, 1398 (8th Cir.1989)." United States v. Tucker, 78 F.3d 1313, 1324 (8th Cir. 1996). Section 455 provides in pertinent part that a judge shall disqualify himself: "(a) . . . in any proceeding in which his impartiality might reasonably be questioned."

However, §455 does not allow a judge to disqualify himself to avoid a difficult or insistent litigant. Disqualification is not available to accommodate the paranoid or because a party is not satisfied with a judge's rulings. In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1359 (8th Cir. 1996), In re Krisle, 54 B.R. 330, 347 (Bankr. D.S.D. 1985). Furthermore Section 455 "is not intended to give litigants veto power over sitting judges, or a vehicle for obtaining a judge of their choice." White v. National Football League, 585 F.3d 1129, 1138 (8th Cir. 2009). Also, despite the sweeping language of § 455(a), the statute does not extend literally to any kind of doubtful behavior. United States v. Sypolt, 346 F.3d 838, 839 (8th Cir. 2003).

21

A judge is presumed to be impartial, and it is the "substantial" burden of the movant on a §455 motion to prove otherwise. United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008); "Moreover, a party cannot force a judge to recuse him or herself merely by launching inflammatory personal attacks on the judge and then claiming that the attacks were so offensive that the judge must be biased." In re Yehud-Monosson USA, Inc., 472 B.R. 868, 878 (D. Minn. 2012) aff'd sub nom. Isaacson v. Manty, 721 F.3d 533 (8th Cir. 2013).

Judge Rendlen, in his prior role as the United States Trustee, was the nominal plaintiff in two adversary proceedings against Critique, Appellants neither offered nor alleged actual facts or issues that were raised in those proceedings which may at all be relevant in Steward's Motion to Disgorge. Instead, in support of their motion Appellants cited numerous false statements of facts. (*See* App. 888-889, Doc. 201). Appellants do not contest that they raised false statements and do not explain or apologize for those statements.

Appellants continue this pattern in this appeal. Appellants state, "as U.S. Trustee, **he initiated** and was plaintiff in two adversary proceedings against Critique Services LLC." (Emphasis added.) (Appellants Robinson & Waltons' brief p.27.) There is no evidence that Judge Rendlen personally initiated any proceedings against Critique, served as counsel on the case, was an advisor or testified as a material witness: he was the titular head and manager of his office

and his name was required to appear on the litigational actions of that office. (App. 889, Doc. 201.) Appellants also state, "Judge Rendlen acknowledged that he supervised the attorneys that prosecuted those adversary proceedings." (Appellants' Robinson & Walton brief p.7; Critique, p.8) The evidence only states, "he supervised the Assistant USTs in their duties…" (App. 889, Doc. 201.) Appellants write, "Judge Rendlen stated that he knew of complaints about Critique Services, LLC and had investigated them when he was U.S. Trustee…" (Appellants' brief pp.27-28.) The facts are that during his service as U.S. Trustee, "his Office received numerous complaints about Critique Services L.L.C. and undertook several investigations into Critique Services L.L.C." (App. 889, Doc. 201.).

The applicable rule for disqualification[8] in these circumstances is 28 U.S.C. §455(b), (that, as noted *infra,* was not raised by Appellants). That rule requires that the action of "advising" must relate to the current proceeding, "(3) Where [the judge] has served in governmental employment … concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." (Emphasis added). §455(b)(3). Appellants, being unable to link the proceedings of

_____

[8] The rule uses "disqualification", the word "recusal" is used interchangeably in all briefs.

23

this particular case to Rendlen's supervisory role as United States Trustee, resort to a conclusory assertion: Given his prior role in litigation several years ago against "Critique", *he simply* cannot be impartial in the current proceeding in his new role as judge. What the Appellants want is for the court to read the rule as saying, "if in a prior capacity as a government employee, the judge served as supervisor and/or titular head of his office, he *must* recuse himself if the same party appears before him." This is not the rule; Appellee suggests that the wheels of justice would grind to a halt if such a rule were established by statute or judicial opinion.

Appellants argue that Judge Rendlen, "engaged in personalized remarks and attacks against Walton and Robinson, initiated *ex parte* communications with the Chapter 7 trustee and extra judicially demanded that Robinson terminate Walton as his legal counsel." (Appellants' brief p.31.) Appellants do not cite a record for these statements. However, "expressions of impatience, dissatisfaction, annoyance, and even anger…" do not establish bias. Liteky v. United States, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).

Finally, Appellants argue that Judge Rendlen stated that he considered the actions of Walton to "be an affront to his authority," which demonstrated a personal insult and therefore bias. (Appellants' brief p.32.) Appellants do not cite a record for these statements.

24

Appellants' argument, taken to its logical conclusion, would mean that any act of contempt or defiance of a court order would serve as readily-plowed ground, for a judge-shopping litigant to obtain a recusal of any judge, by the expedience of demonstrating contempt or defiance that *affronts* the judge's authority and constitutes *per se* proof of impartiality under 455(a): such litigants ought not to be allowed to so easily sow the seeds of effrontery and reap a continuing harvests of recusal until they find a satisfactory judge.

In conclusion, Appellants fail to meet the substantial burden of proving Judge Rendlen should have recused himself and was disqualified to hear the particular case before him Steward's case, that ultimately involved Critique Services, LLC. Therefore Judge Rendlen's denial of Appellants' Motions to Recuse under 28 U.S.C. §455(a) is not reversible error.

B) Appellants have forfeited and abandoned any argument under 28 U.S.C. §455(b) that Judge Rendlen erred in refusing to recuse himself by relying on §455(a).

25

All Appellants declined to refer to 28 U.S.C. §455(b) in their brief as a basis for recusal, relying solely on §455(a),[9] that only mentions the judge's "impartiality" being questioned. 28 U.S.C. §455(b)(1) allows for recusal,"(b)(1) "Where [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" [*emphasis added*], all of Appellants' argument on subsection (a) impartiality based on prior litigation are forfeited and abandoned this issue as argued *supra*.

Fed.R.App.P. 28(a)(8)(A) provides in pertinent part that an appellant's brief contain appellant's contentions and the reasons for them, with *citations* to the authorities and parts of the *record* on which the appellant relies. *See* Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 438 n. 3 (8th Cir.2013) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (Citations omitted.))

Appellee asserts that the failure of Appellants to find a record of this alleged personal bias is the reason for attempting to shoehorn the impartiality arguments of §455(a) into a reversal by wrongly using §455(b) as *ipso facto* proof of a lack of

_____

[9] §455(a) "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

impartiality. Appellants, having failed to make that record with citations, the appeal fails on this point and, the bankruptcy judge accurately applied the law in declining recusal.[10]

**C) Judge Rendlen did not err by refusing to recuse himself under 28 U.S.C. § 144**.

Section 144 provides, in relevant part, that

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

By the plain language of the statute, §144 applies only to district court judges. It does not apply to a bankruptcy court judge.[11]

**D) Judge Rendlen's denial of recusal was not reversible because Appellants' Motions to Recuse were untimely.**

---

[10] *See also,* the reasoning and citation of the Bankruptcy Court in its June 11, 2014 Amended Opinion and Order. (App. 893-904, Doc. 201.)

[11] *See also,* Judge Rendlen's detailed compilation of the well-settled case law supporting this conclusion in his April 23, 2014 Order Denying the Third Motion to Recuse (App.767-768, Doc. 170), incorporated by reference herein.

In the Eighth Circuit, an 11 U.S.C. §455 motion must be made at the earliest possible moment after obtaining knowledge of the facts that demonstrate a basis for disqualification. U.S. v. Rubashkin, 655 F.3d 849, 858 (8th Cir. 2011).

In this matter, Steward filed on April 5, 2013. (App. 126-127, Doc. 29.) her "Amended Complaint" (subsequently construed as a Motion to Disgorge) "against Attorney jamse [sic] Robinson, and Critique Services, LLC.", and requesting "the courts to grant an [sic] monetary settlement in my favor for the following – $495. – Fees paid to Critique Services". On May 7, 2013, Walton entered his appearance and responded on behalf of "Respondents James Robinson d/b/a Critique Services, LLC" (App. 130, Doc. 32 & 131 Doc.33).

Appellants assert that their Motion to Recuse was timely because Walton first realized that Critique was involved and required to respond to discovery only after Judge Rendlen entered his September 20, 2013 order against Robinson and Critique Services, LLC, compelling them to produce discovery. (Appellants' Robinson & Walton, "Critique" brief p. 30.) As Attorney Walton knew, the record contradicts this assertion: the complaint was against two entities.

Appellant Critique Services, LLC asserts that it "is a distinct legal entity under the laws of the State of Missouri" (p. 20, Applnt Critique Services, LLC brief) and attaches a copy of its original Articles of Organization (Appellant Critique Services, LLC, Addendum p. 143-144). According to appellant:

28

> "The Bankruptcy Court conflated Robinson and Critique Services, LLC without any evidence as to the nature of their relationship or any evidence that would suggest that Robinson is the alter-ego of Critique Services, LLC as required under Missouri law to eviscerate their separate legal existences. I.e., Doe v. Quest Diagnostics, 395 S.W.3d 8 (Mo. 2013)."
>
> Applnt Critique Services, LLC brief, p.32

Appellant, Critique Services, LLC overlooks the finding of the bankruptcy court that the first and second meeting of the Debtor Steward was at the office of Critique Services, LLC and the critical final meeting, when Debtor signed falsified papers that literally bore the fingerprints of Critique Services, LLC:

> "At her initial meeting at the office of Critique Services L.L.C., the Debtor met with a staff woman named "Dee," who took from her $195.00 in payment, handed her a packet to complete regarding personal information and her creditors, and instructed her to obtain a copy of her credit report. (Motion to Disgorge at p. 1, ll. 16-18.)
> "When the Debtor returned for her next visit, she paid to Dee the remainder of the balance owed. (Motion to Disgorge at p. 1, l. 19.) Dee advised the Debtor that she had to list a St. Louis residence in her petition papers, and that if she did not, Mr. Robinson would not represent her because Mr. Robinson does not "go to" St. Charles, the county of the Debtor's residence. (Motion to Disgorge at p. 1, ll. When the Debtor inquired as to the propriety of listing a false address, Dee assured the Debtor that she "would not get in any trouble." (Motion to Disgorge at p. 1, ll. 22-24; Aff. at ¶ 6.a.i-ii.) The Debtor then provided the address of a St. Louis residence at which she did not reside. (Aff. at ¶ 6.a.iii.)"
>
> Bankruptcy Court Slip opn. P.8-9

The Debtor subsequently met with Attorney James Robinson, who is of notice record at 3919 Washington Blvd.; St. Louis, MO 63108. At that meeting the papers prepared by Critique Services, LLC were presented for debtor's review with the

29

false address previously submitted by debtor to Dee at Critique Services, LLC. When Debtor brought this error of Critique Services, LLC to the attention of attorney Robinson (Dist. Ct. Slip opn., p. 10) no change was made. Further, in a subsequent meeting with Critique Services, LLC staff, they suborned additional false information regarding dependents for the final documents prepared by Critique Services, LLC. (Bankruptcy court Slip opn., p.9).

Ultimately, with the suborned false representations in place, "The Debtor did not review the petition papers before signing them, but simply signed at the pages that had been tabbed by Critique Services L.L.C. for signature." (Bankruptcy Slip opn., p. 9)

Appellant Critique Services, LLC, offers no evidence to dispute this conjoined exercise of Appellant Robinson and Appellant, Critique Services, LLC, but simply asserts that this Court should ignore the bankruptcy court's findings of fact and focus on a bare legal document of Registration of the LLC more than 10 years old. (App. 387-399, Doc. 71.; Appellant Critique Brief, pp.32-33)

Appellee asserts that the two appellants are, *de facto*, conjoined entities in this joint enterprise or operation to falsify records for the convenience of Attorney Robinson's driving range, his refusal to correct a known mistake and the additional errors introduced after the meeting with the attorney by personnel whose fingers placed the signature tabs on newly falsified papers to qualify for a chapter 7. These

30

facts notwithstanding, Critique Services, LLC asserts that it should not be equally liable for the sanctions imposed: the position is preposterous and should be rejected by this court.

The Appellants' motion was entered six months after Steward filed her motion. Therefore, Appellants' Motion to Recuse was untimely, and the bankruptcy court properly applied the law in denying it.

### III. The Bankruptcy Court did not err by failing to dismiss Steward's Motion to Disgorge when a third party tendered $199.00.
### (Standard of Review: Clear Error & Conclusion of Law)

**A) The issue of mootness is not a basis for reversal because it was never raised in the lower court.**

The Eighth Circuit states, "It is old and well-settled law that issues not raised in the trial court cannot be considered by this court as a basis for reversal. (Citations omitted.)" <u>Gregory by Gregory v. Honeywell, Inc.</u>, 835 F.2d 181, 184 (8th Cir. 1987) See also <u>Edwards v. Hurtel</u>, 724 F.2d 689, 690 (8th Cir. 1984).

While the Bankruptcy Court acknowledged Steward's counsel's receipt of $199.00 from Mr. Ross Briggs, there was no argument raised by Appellants that this constituted a payment from Robinson or Critique, and therefore Steward's Motion to Disgorge was moot. As there was no evidence for the lower court to consider and no argument made on this basis, there is no issue to appeal from. The

31

Bankruptcy Court cannot have made an error on a legal issue never raised by Appellants.

**B) In the alternative, the payment of $199.00 from a third party does not moot Steward's Motion to Disgorge.**

Steward's Motion for Disgorgement sought more than a refund of the fees paid to Robinson and Critique. Steward's motion, by its plain terms, seeks $495.00 for fees paid to Critique, $100.00 for an additional education course, $8,500.00 for the debt owed to Ford, and $3,500.00 for personal aggravation, time off from work and gasoline expenses (App. 127, Doc. 29.)

The burden of demonstrating mootness "is a heavy one." Furthermore, a party must demonstrate that the "issues presented are no longer 'live,' or the parties lack a legally cognizable interest in the outcome. (Citation omitted.)" Los Angeles Cnty. v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979).

The remedies sought by Steward in her Motion to Disgorge were clearly not satisfied by the payment of $199.00 by a third party, as her motion requested additional relief. However, even if her Motion to Disgorge was limited strictly to her attorney's fees, those were not paid in full. Finally, the payment of the $199.00

32

has never been demonstrated to be from either Robinson or Critique.[12] As such, payment of this sum does not moot Steward's motion or this appeal.

## IV. The Bankruptcy Court did not err in ordering Critique to answer Steward's discovery.
### (Standard of Review: Clear Error & Conclusion of Law)

**A) This issue is not a basis for reversal because it was never raised in the lower court.**

Appellants raise for the first time on appeal the argument that Robinson and Critique Services LLC are two separate entities. However, Appellants did not raise these issues before the Bankruptcy Court. Appellants did not proffer or introduce any evidence before the Bankruptcy Court to demonstrate that they are two separate entities. The Bankruptcy Court noted this and found:

> …In a footnote in its Order Denying the Amended Motion to Dismiss [Docket No. 82], the Court expressed concern about whether, as a legal matter, an artificial entity can be a d/b/a of a natural person. The Respondents never offered any comment or clarification on the point.

> (App. 851, Doc. 201.)

_____

[12] The Bankruptcy Court indicated that it was not certain this was a payment from the Appellants. "To the degree that the $199.00 constitutes a payment from Critique Services LLC, such payment should be an offset as the Debtor's counsel indicated…" (App. 930, Doc. 201.)

33

Appellant Critique Services, LLC asserts that it "is a distinct legal entity under the laws of the State of Missouri" (p. 20, Applnt Critique Services, LLC brief) and attaches a copy of its original Articles of Organization (Appellant Critique Services, LLC, Addendum pp.143-144). Appellant, Critique Services, LLC overlooks the finding of the bankruptcy court that the first and second meeting of the Debtor Steward was at the office of Critique Services, LLC:

> "At her initial meeting at the office of Critique Services L.L.C., the Debtor met with a staff woman named "Dee," who took from her $195.00 in payment, handed her a packet to complete regarding personal information and her creditors, and instructed her to obtain a copy of her credit report. (Motion to Disgorge at p. 1, ll. 16-18.)
> "When the Debtor returned for her next visit, she paid to Dee the remainder of the balance owed. (Motion to Disgorge at p. 1, l. 19.) Dee advised the Debtor that she had to list a St. Louis residence in her petition papers, and that if she did not, Mr. Robinson would not represent her because Mr. Robinson does not "go to" St. Charles, the county of the Debtor's residence. (Motion to Disgorge at p. 1, ll."
> Add. p.

As such, the lower court was not afforded the opportunity to review or rule upon this issue. As it was not raised below, it cannot be raised on appeal and is therefore not a basis to reverse the lower court. <u>Gregory by Gregory v. Honeywell, Inc.</u>, 835 F.2d 181, 184 (8th Cir. 1987)

**B) In the alternative, the Bankruptcy Court did not err in ordering Critique to produce discovery as Critique is Robinson's law firm and alter ego.**

34

The Bankruptcy Court found that Robinson and Critique are the same entity or, at the least, a joint enterprise. The Bankruptcy Court held:

> During the litigation of the Motion to Disgorge, he represented that he does business (that is, he practices law) as the other Respondent, Critique Services L.L.C., an artificial legal entity. (See, e.g., Response to the Motion to Disgorge [Docket No. 33] and Response to the Motion to Compel [Docket No. 65].) Accordingly, in prior orders, the Court treated the Respondents [Robinson and Critique] essentially as being one-and-the-same.
>
> (App. 851, Doc. 201.)

There is ample support in the record to support this conclusion. As stated above, Walton continuously represented to the court that Critique Services LLC and Robinson were one and the same. In multiple pleadings Walton represented to the Bankruptcy Court that Critique was Robinson's law firm. In multiple pleadings Walton referred to Robinson as doing business as Critique Services LLC. Furthermore, if Critique were an independent entity from Robinson, then Robinson would have so indicated in his discovery response.

Discovery was served on Robinson, who does business as Critique Services LLC. There is no legal support to require Steward to serve discovery on Robinson (as himself) and Robinson d/b/a Critique Services as they are the same entity. The Bankruptcy Court did not commit a reversible error by requiring Critique to answer the discovery.

35

**V. The Bankruptcy Court had personal jurisdiction over Critique and properly ordered it to produce discovery.**
   **(Standard of Review: Clear Error & Conclusion of Law)**

**A) This issue is not a basis for reversal because it was never raised in the lower court.**

Appellants again raise for the first time on appeal the argument that Robinson and Critique are two separate entities and that as such Critique should have been served with discovery separately. However, Appellants did not raise these issues before the Bankruptcy Court, even after the Bankruptcy Court raised the apparent contradiction that Robinson also holds himself out as doing business as an artificial entity. Appellants did not proffer or introduce any evidence before the Bankruptcy Court to demonstrate that they are two separate entities which was acknowledged by The Bankruptcy Court (App. 851, Doc. 201.)

As noted several times in this brief, s it was not raised below, it cannot be raised on appeal and is therefore not a basis to reverse the lower court. Gregory by Gregory v. Honeywell, Inc., 835 F.2d 181, 184 (8th Cir. 1987)

**B) In the alternative, the Bankruptcy Court had personal jurisdiction over Critique because it had personal jurisdiction over Critique's alter ego, conjoined entity or joint enterprise with Robinson.**

Appellants have not argued (and therefore forfeited) the issue on appeal that the Bankruptcy Court lacked personal jurisdiction over Robinson. The record

36

demonstrates that Robinson is the alter ego, conjoined entity, or a joint enterprise of Critique on the Steward matter of the instant case. As such the Bankruptcy Court had personal jurisdiction over Critique Services, LLC.

Furthermore, personal jurisdiction is waivable by a person's act or the failure to act. Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990)(noting that the defense of a lack of personal jurisdiction may be lost by submission to personal jurisdiction through conduct or by implication). Walton and Robinson made numerous representations in the Bankruptcy Court that Robinson was doing business as Critique and that Critique was Robinson's law firm and that Critique's staff was his staff. Robinson d/b/a Critique has waived any objection based on personal jurisdiction.

 Of special interest on this point is the assertion of appellant, Critique Services, LLC, regarding the timeliness of it raising an issue

**C) Critique Services, LLC, (as Robinson's law firm, a conjoined entity, alter ego and/or a joint enterprise —with staffing) is binding on Critique Services, LLC in light of the factual findings by the bankruptcy court, the record of pleadings and the admission of Appellant on this appeal that Critique Services, LLC is not entitled to separate notice.**

Although the record below is mixed with references singular, plural and ambiguous as to Attorney Walton's representation of his client(s) Robinson and/or

37

"Critique," regarding the motion to disgorge and other motions or actions, the argument of Appellant's counsel on this appeal is revealing.

> "Within four days [of the bankruptcy court's ruling], Walton filed the Motion to Recuse on behalf of Robinson and Critique Services, LLC. That was the first time Walton distinguished them as two separate legal entities. He based recusal, in part, upon Judge Rendlen's past adversarial position in litigation against Critique Services, LLC. (App. 339-367, Doc. 69.) That was sufficient to invoke 28 U.S.C. §455(a). The Motion to Recuse was timely presented on behalf of Critique Services, LLC."
> (Applnt Critique brief, p.31)

A review of document number 69 (App. 339-367, Doc. 69.), reveals the assertion of counsel on appeal is not fully supported:

First, appellate counsel recites no separate entry of appearance of attorney Walton, for "Critique Services, LLC." In fact, attorney Walton does not name "Critique Services, LLC" in the introduction to the pleading or the conclusion thereof.

In the introduction, Attorney Walton writes, "Comes now <u>Respondents</u>, James C Robinson <u>and</u> Critique Services, by and through debtor's counsel, and on oath of affirmation states:…". [*Emphasis added*].

Exchanging his dubious curveball, for a changeup, Attorney Walton, in the conclusion of the pleading, writes, "WHEREFORE, <u>Respondents</u> Critique Services and James C. Robinson, d/b/a Critique Services, by and through their counsel, moves…". [*Emphasis added*]

38

The sole mention of "Critique Services, <u>LLC</u>," is in the style of the case, as "Respondents" (*emphasis added*)"[13]

Attorneys, Robinson, Walton and Mass would have this court rule as it pleases the advocates, irrespective of the facts and record before this court. Appellee, Steward, urges the court to reject this approach and find that both the District Court then the bankruptcy court made no error on the facts and reached the proper conclusion of law.

## VI. The Bankruptcy Court did not commit a reversible error by refusing to dismiss Steward's Motion to Disgorge on the basis of the "unclean hands" doctrine. (Standard of Review: Clear Error & Conclusion of Law)

Appellants' incorrectly state the doctrine of "unclean hands" as an absolute principle of law. This case is on appeal due directly to Appellants' actions and inactions in opposing and thwarting discovery.

_____

[13] JAMES ROBINSON

CRITIQUE SERVICES, LLC

Respondents

**Vs.**

**JAMES ROBINSON**
**CRITIQUE SERVICES, LLC**
**Respondents**

The doctrine of unclean hands requires a party seeking relief from a court of equity to have acted in good faith as to the subject matter of the lawsuit. Nelson v. Emmert, 105 S.W.3d 563, 568 (Mo. Ct. App. 2003). The doctrine is not one of absolutes, and requires consideration of all facts and circumstances of a particular case so that its application promotes justice. *Id*. The doctrine is not intended to benefit the party who invokes it, but rather is intended to promote the interests of public policy and the integrity of the courts in applying it. Pony Express Cmty. Bank v. Campbell, 206 S.W.3d 399, 402 (Mo. Ct. App. 2006). Courts have therefore refused to apply the doctrine of unclean hands when allowing an unclean plaintiff to pursue his or her claims would better serve the public interest than would barring her. *Id*.

The doctrine requires the party invoking it to have actually been harmed by the act alleged to be unclean. Nelson v. Emmert, 105 S.W.3d 563, 568 (Mo. Ct. App. 2003).. The doctrine cannot be utilized by a party whose hands are also unclean. Rose v. Houser, 206 S.W.2d 571, 576-77 (Mo. Ct. App. 1947). Finally, the doctrine only applies to claims in equity and does not apply to claims made in law. Kay v. Vatterott, 657 S.W.2d 80, 83 (Mo. Ct. App. 1983).

The act of persuading someone to commit perjury is called the subordination of perjury, and is a crime equal to the act of perjury itself. 18 U.S.C. § 1622. A

40

Missouri Court aptly wrote, "where the fault is mutual the law will leave the case as it finds it." <u>Rose</u>, 206 S.W.2d at 577.

Steward has not acted in bad faith as to the Appellant Critique Services, LLC or Robinson. Appellant Steward, marginally literate in her *pro se* pleadings, was the victim of the suborning of perjury by Critique Services, LLC on her initial and revised pleadings, and attorney Robinson in failing to correct false information re her address: Debtor was counseled by the Appellants to give sworn false statements to facilitate the interests of the Appellants.

Furthermore, Steward, acting both *pro se* and with the assistance of new counsel, corrected her misrepresentations; hence, equity favors allowing Steward to continue to pursue her claims.

**VII. The Bankruptcy Court did not commit a reversible error in sanctioning Appellants after Appellants and Steward had submitted a settlement to the Bankruptcy Court because the case was never settled.**
**(Standard of Review: Clear Error & Conclusion of Law)**

**A) This issue is not a basis for reversal because it was never raised in the lower court.**

Appellants never raised this issue at the Bankruptcy Court. This issue is not a basis for reversal on appeal.

**B) Appellants' argument is based on false statements of fact.**

41

The settlement agreement was conditioned upon the Bankruptcy Court's approval of the settlement; the Bankruptcy Court did not approve the settlement: there was no settlement of record.

Debtor withdrew her request for production of documents on the *condition that* the underlying case would be settled, referencing the settlement in her Notice to Court regarding Discovery, (App. 639, Doc. 146, Allegation No. 15(a)), "The Movant has resolved her claims and controversies with the Respondent and therefore she no longer requires discovery **if her settlement agreement is approved by the Court**." (Emphasis added.). Steward's notice specifically stated that it was not a request to vacate or alter the Order Granting Motion to Compel Discovery. (App.640, Doc. 146, Allegation No. 16)

In conclusion, Appellants' show no clear of fact or conclusion of law.

**VIII.  The Bankruptcy Court did not commit reversible error by denying Appellants' Motion to Dismiss on the basis that the Bankruptcy Court had no authority to remove Steward's Motion to Disgorge from the status of an adversary proceedings to that of a contested proceeding.
(Standard of Review: Clear Error & Conclusion of Law)**

The Bankruptcy Court did not suddenly lose jurisdiction when it performed the ministerial act of moving Steward's *pro se* "Motion to Disgorge" from a setting based on an adversary proceeding (subject to Bankruptcy Rules 7001 *et seq*.) to a regular contested matter (subject to Bankruptcy Rules 9014). Appellants cite no

42

authority in their brief and cited no authority before the Bankruptcy Court to the contrary. (App. 885, Doc. 201.)

Instead a bankruptcy court may re-docket improperly docketed pleadings and the Bankruptcy Court cited numerous authorities in support of this contention. (App. 884, Doc. 201). By directing the re-docketing, the Court was satisfying its obligation to construe a pro se pleading liberally.

Further, changing the procedural setting did not affect Appellants' ability to assert their alleged rights 1) to a jury trial, 2) that Debtor retain an expert witness on the standard of care, 3) to file a Motion to Dismiss the case from Bankruptcy Court and require it to be brought in state court or 4) to file a motion to withdraw the reference. Appellants' case cite, Kreigel v. Noble 291. B.R. 159 (Bankr. W.D.Mo. 2003) does not address these issues at all. Instead, Kriegel involved a discussion of the jurisdiction of the bankruptcy court. See Bankruptcy Rule 9014(c) incorporating most of the adversary rules contained in Bankruptcy Rules 7001 *et seq*. Furthermore, Appellants can't demonstrate they were harmed by the Bankruptcy Court's administrative action because they never asserted or claimed before the Bankruptcy Court their alleged rights.

Finally, as the Bankruptcy Court points out, Appellants raised this issue untimely. The re-docketing occurred on April 5, 2013. Appellants had notice but

43

failed to raise the issue until 6 months later. (App. 889, Doc. 201.) Appellants do not contest the Bankruptcy Court's finding of facts.

For the reasons stated above, the re-docketing of Steward's letter from an adversary proceeding to a contested matter in her main bankruptcy case does not constitute reversible error.

### IX. The Bankruptcy Court did not commit a reversible error by imposing monetary sanctions against Appellants.

#### A) The Bankruptcy Court did not impose criminal sanctions upon Appellants.

The Bankruptcy Court imposed several monetary sanctions upon the Appellants. None of them were criminal in nature. All of these sanctions were compensatory in nature. The Bankruptcy Court has the authority to impose sanctions that compensate a party for lost time and expenses due to bad acts. In the case of Walton vs. LaBarge, 223 F.3d 859, 864 (8th Cir. 2000) the Eighth Circuit Court of Appeals affirmed the bankruptcy court's sanction award of $4,759.00 against Walton as the Trustee's reasonable attorney's fees and expenses.

In this case, there were several different monetary awards entered by the Bankruptcy Court.

**1) Sanctions imposed upon Appellants for the value of Steward's attorney's fees were not entered in error, and were not criminal in nature.**

44

The Bankruptcy Court did not err by ordering Appellants to pay a monetary sanction as compensation and payment of the value of Steward's attorney's fees. The Bankruptcy Court was justified entering this award pursuant to 11 U.S.C. § 105(a) and under Fed. R. Civ. P. 37(b)(2)(C) by which the court may order a disobedient party, the attorney advising that party, or both to pay the reasonable expenses caused by the failure of the parties and the attorney to comply with discovery.

This amount of Steward's attorney's fees was determined by the review of Fee Affidavits from Steward's counsel between September 5, 2013 (being the day that Steward's counsel began devoting significant time to the issue of Appellants refusal to answer discovery) through January 27, 2014 (the day before settlement negotiations). (App. 933, Doc. 201) None of the Appellants challenged these affidavits before the Bankruptcy Court or on appeal. The total of these fees is $19,720.00. The Bankruptcy Court ordered that $1,710.00 of this amount be paid to Steward's counsel pursuant to Fed.R. Civ.P. 37(a)(5)(A) and 37(b)(2)(C). The Bankruptcy Court ordered that the balance of these fees ($18,010.00) be paid to a charity of Appellants' counsel's choice. The fact that Steward's attorneys are pro bono does not mean the court cannot make bad actors bear the burden of time, effort and resources spent in response to their bad acts.

45

Contrary to Appellants' argument, these fees are not criminal in nature and instead are civil and compensatory in nature and result directly from Appellants' bad faith and bad acts in resisting discovery. Contrary to Appellants' assertions, these are not to be paid to the Court. Appellants do not argue nor contest that the Bankruptcy Court has the authority to enter civil sanctions against them. As such, Appellants have failed to demonstrate that the Bankruptcy Court's monetary sanction in this amount was made in error and therefore reversible.

**2) Sanctions imposed for violations of Rule 37(b)(2)(A) and 11 U.S.C. §105(a) for discovery violations were not entered in error and were not criminal in nature.**

The Bankruptcy Court did not err in entering a monetary sanction of $30,000.00 against Appellants for discovery violations. Under Fed. R. Civ. P. 37(b)(2)(C) the court may order the disobedient party, the attorney advising that party or both to pay the reasonable expenses caused by the failure of the parties and the attorney to comply with discovery. The Bankruptcy Court imposed these sanctions

> for the purpose of "compensating the [C]ourt for the added expense of the abusive conduct," consistent with Carlucci v. Piper Aircraft Corp., and for the purpose of deterring other from similar discovery related abuse of process and vexatious litigation. (App. 912, Doc. 201.)

46

The Bankruptcy Court goes into extensive detail in its June 11, 2014 Amended Opinion and Memorandum demonstrating the intentional and flagrant discovery abuses and tactics employed by Appellants. Appellants do not contest that they failed to produce discovery, used dilatory tactics, asserted false information, and intentionally delayed the discovery process. Appellants inundated the Bankruptcy Court with multiple motions and pleadings in an attempt to litigate by deluge.

Finally, Appellants do not contest the Bankruptcy Court's reliance on the case of Carlucci v. Piper Aircraft Corp., 775 F.2d 1440 (11th Cir. 1985) for the proposition that the bankruptcy court can be compensated for abusive conduct.

In summary, the monetary sanction of $30,000.00 is justified pursuant to Fed. R. Civ. P. 37(b)(2)(C) as a civil sanction, not a criminal sanction.

**3) The Bankruptcy Court's order to disgorge $495.00 in attorney's fees was not made in error.**

The Bankruptcy Court did not err in ordering Appellants to disgorge Steward's claim of fee paid ($495.00). Under Fed. R. Civ. P. 37(b)(2)(A)(i) the Bankruptcy Court had the authority to take Steward's facts in her Motion to Disgorge as established. Appellants' assertions to the contrary, this is a valid and appropriate sanction for Appellants' failure to cooperate and produce discovery.

47

**B) In the alternative, a bankruptcy court has the authority to impose criminal sanctions; therefore even if the awards are determined to be punitive, the Bankruptcy Court did not commit a reversible error.**

In the alternative, the Bankruptcy Court did not err by ordering a punitive sanction of $30,000.00, as the Bankruptcy Court has the authority to enter such orders. The Eighth Circuit has affirmed a bankruptcy court's authority to issue a sanction order unrelated to the amount of damages claimed by a plaintiff or to compensate a party or the court for lost time and expense. In the case of In re Smith, 212 F. App'x 577 (8th Cir. 2006) a debtor's attorney, a Mr. Ross Briggs, was penalized by the bankruptcy court.[14] The bankruptcy court ordered the Chapter 13 Trustee to withhold payment of fees to Mr. Briggs that Mr. Briggs had earned in other bankruptcy cases as sanctions for Briggs's continued violation of an earlier Court order. The Circuit Court held that a bankruptcy court has the authority under 11 U.S.C. § 105 to enter that sanction order regardless of whether it was characterized as a sanctions order or a contempt order. This opinion extends a prior Eighth Circuit opinion of In re Ragar, 3 F.3d 1174 (8th Cir. 1993), which held that the plain meaning of 11 U.S.C. § 105 authorizes "at least" a finding by a

---

[14] Steward points out that Mr. Briggs, the subject of the sanction in 2006, is associated with Robinson. See App. 355, Doc. 69-1. Walton states "…Robinson is associated with Ross Briggs in providing legal services through Critique Services…"

Appellate Case: 15-1857    Page: 59    Date Filed: 09/24/2015 Entry ID: 4319735

bankruptcy court of criminal contempt even if it's factual, and legal findings were subject to District Court review de novo. <u>In re Ragar</u>, 3 F.3d 1174, 1178 (8th Cir. 1993).

**C) The Bankruptcy Court did not err in sanctioning Appellants because the Bankruptcy Court was not required to have a motion for sanctions at issue before sanctions could be entered.**

Appellants incorrectly argue that a bankruptcy court may only enter an order of contempt upon the filing of a motion, notice and hearing pursuant to Bankruptcy Rules 9014 and 9020. Appellants cite no case law in support of their argument.

Bankruptcy Rule 9020 simply states that "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." Rule 9014 addresses the requirements for contested matters (as outlined above). Neither rule requires a bankruptcy court to have a motion for contempt on file by a party before it can enter sanctions. Furthermore, Appellants cite no case law to support their contention.

To the contrary, Fed. R. Bankr. P 9011(c)(1)(B) empowers bankruptcy courts to "impose sanctions on its own initiative." *See* <u>In re Young</u>, 507 B.R. 286, 291–92 (B.A.P. 8th Cir.2014) (*aff'd* 8th Cir. #14-1665, June 17, 2015). Furthermore the Bankruptcy Court has the authority under 11 U.S.C. § 105(a) to take actions to carry out the Bankruptcy Code or prevent an abuse of process. See also <u>Walton v.</u>

49

Rendlen, 4:14CV00846 ERW, 2014 WL 4594198 (E.D. Mo. Sept. 12, 2014)(J. Webber).

There is simply no legal requirement that a bankruptcy court must have a motion for contempt before the court can enter sanctions.

**D) The Bankruptcy Court did not commit a reversible error in sanctioning Appellants because the Bankruptcy Court gave Appellants numerous notices and opportunities to be heard prior to the entry of the Bankruptcy Court's June 11, 2014 order.**

As set forth in detail by the Bankruptcy Court (App. 907-910, Doc. 201), the Court identifies twelve (12) separate Orders/Notices/conferences in which the Court gave notice to Appellants warning that sanctions may be imposed. Appellants' argument that they didn't have notice is pure fiction. Furthermore, Appellants replied to these notices, which is direct evidence that they had notice that the Bankruptcy Court was considering sanctions.

Appellants' assertion that they had no notice or opportunity for hearing is false on its face and not a basis to reverse the Bankruptcy Court.

**X. A bankruptcy court judge has the authority to unilaterally suspend an attorney from practice before the bankruptcy court.**
**(Standard of Review: Clear Error & Conclusion of Law)**

Judge Rendlen did not err in unilaterally suspending Walton and Robinson from practice under E.D.Mo. R.D.E. IV-A. Bankruptcy courts "possess 'inherent power . . . to sanction 'abusive litigation practices.'" Law v. Siegel, 134 S. Ct. 1188,

50

1194, 188 L. Ed. 2d 146 (2014) (quoting <u>Marrama v. Citizens Bank of Mass</u>., 549 U.S. 365, 375-376 (2007)). "This power is broad in scope, and includes the power to impose monetary sanctions, as well as to 'control admission to its bar and to discipline attorneys who appear before it.'" <u>In re Burnett</u>, 450 B.R. at 132 (Bankr. E.D. Ark. 2011)(quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991), and citing. <u>Plaintiffs' Baycol Steering Comm. v. Bayer Corp</u>, 419 F.3d 794, 802 (8th Cir. 2005), and <u>Harlan v. Lewis</u>, 982 F.2d 1255, 1259 (8th Cir. 1993)). Similarly, Bankruptcy Code section 105(a) provides bankruptcy courts "with authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code,' and allows the court to 'tak[e] action or mak[e] any determination necessary or appropriate to ... prevent an abuse of process.' " <u>In re Young</u>, 507 B.R. at 292 (*aff'd* 8th Cir. #14-1665, June 17, 2015); 11 U.S.C. § 105(a).

E.D.Mo. R.D.E. IV-A provides that "[f]or misconduct defined in these Rules, and for good cause shown, and after notice and opportunity to be heard, any attorney admitted to practice before this court may be disbarred, suspended from practice before this court, reprimanded or subjected to such other disciplinary action as the circumstances may warrant."

The Bankruptcy Court detailed the findings of fact in his opinion to justify the suspension of Robinson and Walton (Appendix 942-943, Doc. 201.) Appellants do

51

not dispute these findings of fact. Furthermore, Appellants do not assert any authority that Judge Rendlen's reliance on E.D. Mo. RDE IV-A to suspend them from practice is improper.

Appellants instead incorrectly argue that Judge Rendlen suspended them in violation of E.D.Mo. L.R. 12.02 and E.D.Mo. RDE V. They argue that these provisions deny a single judge the authority to suspend an attorney from practice and that a judge has no sole discretion in the matter. Appellants argue that a single judge **must** file a complaint with the District Court's disciplinary counsel for possible referral to a three judge panel before any suspension can occur.

Judge Rendlen specifically did not suspend Walton or Robinson under E.D.Mo. RDE V. (App. 942, Doc. 201.) However, even if Judge Rendlen had suspended Walton and Robinson under E.D.Mo. RDE V, Judge Rendlen was not obligated to refer the matter and could have ruled on the issue himself. E.D.Mo. RDE V(A) states in pertinent part that a judge "**may** refer the matter to counsel appointed under Rule X for investigation and prosecution of a formal disciplinary proceeding or the formulation of such other recommendation as may be appropriate." (Emphasis added.)

Appellants did not address the discretionary nature of this section. A Judge **may** refer the matter to counsel for investigation and for a formal disciplinary proceeding. However it is **not mandated** by this rule.

52

Appellants have not demonstrated that Judge Rendlen committed a legal error or an abuse of discretion in suspending Walton or Robinson, and therefore reversal of the Bankruptcy Court is not appropriate.

## Conclusion

Wherefore, for the reasons stated above, Appellee Steward respectfully requests this Court affirm the orders and opinions of the Bankruptcy Court below.

*Submitted by:*
/s/Gary D. Bollinger, Esq. #27769MO
3827 Gustine Avenue
Saint Louis, MO 63116
(314) 781-2889
attyinfo@bankruptcycenter.com
Attorney for Appellee

## Certificate of Service

The undersigned hereby certifies that the foregoing was filed electronically through the Court's ECF system on this 21st day of September 2015 and thereafter served on the below listed parties by either ECF or US Postal Service, Pre-Paid First Class Mail.

/s/ Gary D. Bollinger, Esq.

**Laurence D. Mass**
Attorney for Critique Services LLC
230 S. Bemiston Ave.
Suite 1200
St. Louis, MO 63105

**James Clifton Robinson**
3919 Washington Blvd.
St. Louis, MO 63108

**Elbert A. Walton, Jr.**
2320 Chambers Rd.
St. Louis, MO 63136

53

**E. Rebecca Case**
7733 Forsyth Blvd. Suite 500
Saint Louis, MO 63105
*(non-ECF service)*

**David N. Gunn**
2025 South Brentwood, Suite 206
Brentwood, MO 63144

**Office of U.S. Trustee**
111 South Tenth Street Suite 6353
St. Louis, MO 63102

54

**Certificate of Compliance**

The undersigned certifies the following:

1.  The attached brief complies with the requirements and limitations contained in Fed. R. Ap. P. 32(a).

2.  The brief was prepared using:

    a.  Microsoft Word for Mac, Version 2011;

    b.  Times New Roman, typeface, Font size 14

3.  Excluding the cover page, table of contents, table of authorities, signature block, this certification, and the certificate of filing and service, the brief contains 11,108 words and does not exceed the words allowed.

/s/ Gary D. Bollinger, Esq.



9/21/15•12:45 PM

Appellate Case: 15-1857   Page: 66   Date Filed: 09/24/2015 Entry ID: 4319735